UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JERRY CHAMBERS,

    Plaintiff,

v.                                            CAUSE NO. 3:21-CV-647-DRL-MGG

RICHARD BROWN *et al.*,

    Defendants.

OPINION AND ORDER

Jerry Chambers, a prisoner without a lawyer, filed a vague complaint about conduct reports he received in August 2021. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Chambers alleges that on August 7, 2021, Lt. Bean had Officer Miller issue him three conduct reports and another officer issue him two conduct reports. As a result, Mr. Chambers was designated a Level 4 inmate, rather than a Level 2 inmate, putting his life in danger. He also alleges that Richard Brown put his life in danger and that a staff member bit him.

These allegations are too vague for the court to determine whether the complaint states a claim for relief. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Here, Mr. Chambers needs to explain the circumstances around the conduct reports and their outcomes before the court can determine whether the allegations state a claim. Further, it is not clear from the complaint how the conduct reports have put Mr. Chambers in danger. Nor is it clear how the allegations that a staff member bit him relates to the conduct reports or how Richard Brown is involved in the events described in the complaint.

This complaint does not state a claim for which relief can be granted. Nevertheless, Mr. Chambers may file an amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form, clearly explaining what he alleges each defendant did to harm him, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Jerry Chambers until **February 23, 2022**, to file an amended complaint; and

(2) CAUTIONS Jerry Chambers if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

January 20, 2022                             *s/ Damon R. Leichty*
                                             Judge, United States District Court